IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET M. PACE,                   )
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civil Action No. 05-631
                                    )
JO ANNE B. BARNHART,                )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
          Defendant.                )

MEMORANDUM JUDGMENT ORDER

AND NOW, this $\underline{10^{th}}$ day of April, 2006, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying her application for
disability insurance benefits ("DIB") and supplemental security
income under Title II and Title XVI, respectively, of the Social
Security Act ("Act"), IT IS ORDERED that the Commissioner's motion
for summary judgment (Document No. 7) be, and the same hereby is,
granted and plaintiff's motion for summary judgment (Document No.
5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by

AO 72A
(Rev.8/82)

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB[1] and SSI on April 21, 2003, alleging disability beginning August 3, 1999, due to major depression with psychotic features. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 21, 2004, at which plaintiff appeared represented by counsel. On October 18, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On April 19, 2005, the Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 45 years old at the time of the administrative

---

[1]For DIB purposes, plaintiff's insured status expired on June 30, 2001.

hearing and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). She has a high school education. Plaintiff has past relevant work experience as an assembly/production line worker, residential care worker and child care worker, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of major depression, recurrent with psychotic features, hypertension and obesity, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work with certain non-exertional limitations. Plaintiff requires unskilled and low stress work with one or two step instructions and work that involves routine and repetitive tasks. In addition, plaintiff requires work that deals primarily with things rather than people. Finally, plaintiff is limited to entry level work (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined

3

that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a stock clerk, dishwasher or janitorial worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe

4

impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and

5

other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the following grounds: (1) the ALJ improperly disregarded the opinion of her treating psychiatrist; (2) the ALJ's hypothetical to the vocational expert was flawed because it did not include all of her limitations; and (3) there is overwhelming evidence of disability from January 21, 2002 to February 5, 2003. For the reasons explained herein, the court does not find these arguments to be persuasive.

Plaintiff first contends that the ALJ improperly disregarded the opinion of her treating psychiatrist, Dr. Rajendra Nigam. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Nigam's opinion was not entitled to controlling weight, nor was it entitled to at least deferential weight as suggested by plaintiff.

Dr. Nigam stated that plaintiff was disabled from depression on a medical assessment form for state welfare benefits dated May 28, 2003. (R. 115). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency

6

regarding disability is not binding on the Commissioner of Social Security.   See 20 C.F.R. §§404.1504, 416.904.   Further, Dr. Nigam's opinion that plaintiff was disabled for purposes of state welfare benefits simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion.

In addition to the welfare form, Dr. Nigam wrote a brief letter "to whom it may concern" in October 2003 stating that plaintiff is unable to work.  (R. 232).  Dr. Nigam also completed a form dated July 2, 2004, which was entitled "medical opinion re: ability to do work-related activities".  According to that form, Dr. Nigam found that plaintiff was not capable of doing skilled or semi-skilled work, but he rated her primarily as having good or fair ability in the areas required for unskilled work, with the exception of working with others and completing a workday without interruptions.  (R. 242-43).

Despite his opinion that plaintiff is disabled as set forth in the brief 2003 letter and on the 2004 medical assessment form, Dr. Nigam's own treatment records contradict his conclusion.  The record contains treatment notes from the period of June 3, 2002 to January 21, 2004, which indicate that plaintiff saw Dr. Nigam every few months for medication checks, and she saw Marcy Pearsall, a social work at his office, approximately every other week for counseling sessions.  (R. 120-80, 204-229).  Dr. Nigam indicated that plaintiff's progress was either fair or good and

7

there was improvement in her symptoms. (R. 139-40, 145, 161, 166, 173, 176). The treatment records from counseling sessions generally indicate that plaintiff was able to focus on relevant topics and she was cooperative and motivated. While she initially had difficulties with concentration and attention, over time, she improved in those areas and she was able to maintain focus. (R. 204-229). Furthermore, the treatment notes indicate that Dr. Nigam continued plaintiff on her medications, and no hospitalization was required. In addition, on the 2004 medical assessment form, Dr. Nigam did not determine that plaintiff was unable to perform unskilled work. The conclusion that plaintiff is capable of unskilled work is consistent with the results of the consultative examination performed by Dr. Ralph Landefeld in September 2004 and the medical source statement that he completed.[2] (R. 244-49). For these reasons, the court finds that the ALJ properly evaluated Dr. Nigam's opinion.[3] (R. 16-17).

---

[2]Plaintiff also argues that the Commissioner failed to provide her with a copy of a psychological consultative examination report prepared in connection with her previous application for benefits in 2002. However, plaintiff's counsel requested the previous report or, alternatively, if it could not be located, he requested that another consultative examination be performed. (R. 109-110). Plaintiff's counsel subsequently acknowledged that the previous report was lost (R. 114), and as noted above, Dr. Landefeld performed another consultative examination of plaintiff.

[3]As discussed, the ALJ properly considered Dr. Nigam's opinion of plaintiff's mental condition. Although the doctor's records do not indicate that plaintiff's mental condition precludes her from working, the ALJ's RFC Finding gave some weight

8

Plaintiff's next argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not include all of her limitations.   In particular, plaintiff claims that the hypothetical should have included Dr. Nigam's opinion that plaintiff had poor or no ability to perform certain work requirements, such as skilled or semi-skilled work requirements, as well as working with others and completing a workday without interruptions.   Contrary to plaintiff's position, the ALJ accommodated these limitations by restricting her to work that deals primarily with things rather than people and by restricting her to unskilled work with one or two step instructions and routine, repetitive tasks.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence.   Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).   Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.   The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation

---

to his assessment (R. 19), and he accommodated plaintiff's limitations by restricting her to entry level work that is unskilled and low stress with one or two step instructions and that involves routine and repetitive tasks.   In addition, the ALJ limited plaintiff to work that deals primarily with things rather than people.

9

AO 72A
(Rev.8/82)

established by the evidence of record. As indicated, nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

Plaintiff's final argument is that there is overwhelming evidence of disability from January 21, 2002 to February 5, 2003. The court's review of the record does not reveal that to be the case. As discussed above, while Dr. Nigam's records indicate that plaintiff has certain mental limitations, the ALJ accounted for those in the RFC Finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

10

cc:   Gregory G. Paul, Esq.
      Peirce, Raimond & Coulter, P.C.
      2500 Gulf Tower
      707 Grant Street
      Pittsburgh, PA 15219

      Paul Skirtich
      Assistant U.S. Attorney
      Suite 400, U.S.P.O. & Courthouse
      Pittsburgh, PA 15219

11